UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

KEVIN P. WILLIAMS                  CIVIL ACTION NO. 09-0808
     LA. DOC #222709
VS.                            SECTION P

                                 JUDGE DOHERTY

WARDEN ROBIN LANDRY, ET AL     MAGISTRATE JUDGE METHVIN

<u>REPORT AND RECOMMENDATION</u>

*Pro se* plaintiff Kevin P. Williams, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on May 5, 2009.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Elayn Hunt Corrections Center (EHCC), St. Gabriel, Louisiana, but he complains of conditions of confinement he experienced while he was incarcerated at the "Centerville Lock Up Center" in Centerville, Louisiana during the latter part of June 2008.  Plaintiff sued Warden Robin Landry, an unknown nurse, Lieutenant Gillary, and Captain Smith. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Background*

Plaintiff was an LDOC inmate housed at the "Centerville Lock Up Center" during some unspecified period which included June 23, 24, and 25, 2008. On one of those days, the facility lost electrical power at 3:30 p.m.  Electrical power was restored at 6:30 p.m., however, the air conditioner remained off throughout the night and the following day. The walls and floors began

2

to "sweat" and water was "all over the floors." Plaintiff was seated reading his Bible that morning until lunch time.  His fellow inmates brought his lunch to him, and, as plaintiff began to walk to his locker to retrieve his eating utensils, he slipped and fell because of the moisture which had condensed on the floor.

Plaintiff lost consciousness for a short period of time; when he regained consciousness, he discovered that he was laying on the wet floor and was being attended to by the prison nurse who advised him to lie still. Within 35 minutes paramedics arrived.  Neck and back braces were applied and plaintiff was transported via ambulance to the nearby Franklin Foundation Hospital where an X-ray examination was performed. The physician who examined plaintiff advised plaintiff that even though he was "sore," he "will be ok" and plaintiff was given pain medication prior to his discharge.

Plaintiff was returned to the jail. Since there were no empty beds in the disciplinary unit, plaintiff was given a mat and placed on the floor in the hallway. The following morning plaintiff complained of pain and he was transferred to the prison medical department in the old parish jail located on the Seventh Floor of the St. Mary Parish Courthouse. Plaintiff was given Motrin® 800 mg. four times per day for pain. Plaintiff continued to complain of pain for the next three weeks. He eventually requested a transfer to his present place of confinement. Within one week of his request he was transferred to EHCC.

Shortly after his arrival at EHCC he was taken to the Chabert Medical Center where more extensive tests, including an MRI, were performed. Plaintiff continues to receive conservative  treatment for his back injury and has been advised that should the continued treatment prove ineffective, surgical intervention may be necessary.

3

In his original complaint plaintiff prayed for $200,000 in damages for mental anguish, $200,000 for pain and suffering, $2000 "... for all damage to neck back etc. and for future medical expenses." In his amended complaint, plaintiff requested appointment of counsel.

### Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  A civil rights complaint fails to state a claim upon which relief can be granted if  it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

4

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Petitioner's original complaint provided scant factual support for his claims. He was afforded an opportunity to amend and he was instructed to provide more specific factual allegations in support of his claim for relief. He complied with the order and provided additional factual support for his claims.  Plaintiff need not be afforded any additional amendment. All of his factual allegations have been considered as true for the purposes of this Report, nevertheless, it is manifestly clear that his claims are frivolous.

## 2. Conditions of Confinement

To the extent that plaintiff complains of dangerous conditions of confinement, his complaint is frivolous. Such claims asserted by convicted prisoners, are analyzed under the Eighth Amendment. In order to prevail on such a claim, plaintiff must establish that the conditions of confinement were sufficiently harmful to evidence deliberate indifference to his needs. "The Constitution 'does not mandate comfortable prisons,' ... but neither does it permit inhumane ones...." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811

5

(1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). Prison officials must provide humane conditions of confinement, including adequate food, shelter, medical care, and reasonable safety. *Farmer*, 511 U.S. at 832 (citations omitted).

"A two-part test determines whether a prisoner has established a constitutional violation." *Harper v. Showers*, 174 F.3d 716, 719-20 (5th Cir.1999) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995)). The prisoner must show: "first, that the deprivation alleged was sufficiently serious ...; and second, that the prison official possessed a sufficiently culpable state of mind." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). For the second element of a conditions of confinement claim, the Supreme Court has defined "culpable state of mind" to mean that the "official acted with deliberate indifference to inmate health or safety." *Id.* "It is ... fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer*, 511 U.S. at 836. At this step, the prisoner must show that the "defendant officials '(1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) ... actually drew an inference that such potential harm existed.'" *Herman*, 238 F.3d at 664 (quotation omitted).

Plaintiff has alleged an injury associated with a complained of condition of confinement; however, the claim itself is a claim alleging – at worst –  negligence on the part of the defendants, and  acts of negligence are insufficient to give rise to a §1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Richardson v. McDonnell*, 841 F.2d 120 (5th Cir.1988).   Slippery floors constitute a daily risk faced by the public at large. Cases from other jurisdictions have held that slippery floors simply do not violate the Eighth Amendment.

6

See, e.g., *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir.1993) ("slippery prison floors ... do not

state even an arguable claim for cruel and unusual punishment") (quoting *Jackson v. Arizona*,

885 F.2d 639, 641 (9th Cir.1989)); *Denz v. Clearfield County*, 712 F.Supp. 65, 66

(W.D.Pa.1989) (slippery cell from humidity); *Robinson v. Cuyler*, 511 F.Supp. 161, 163

(E.D.Pa.1981) (slippery kitchen floor); *Tunstall v. Rowe*, 478 F.Supp. 87, 89 (N.D.Ill.1979)

(greasy stairway); *Snyder v. Blankenship*, 473 F.Supp. 1208, 1212 (W.D.Va.1979) (pool of

soapy water from leaking dishwasher).

Nothing alleged by plaintiff suggests that the defendants were deliberately indifferent to

his plight.  Because plaintiff has not articulated a constitutional violation, his conditions of

confinement complaint is subject to dismissal under § 1915(e)(2)(B) as frivolous.

### 3. Inadequate Medical Care

Plaintiff also implies that the defendants denied him adequate medical care following his

accident. To state a cause of action for inadequate medical care, a prisoner also needs to show

deliberate indifference to a serious medical need, which constitutes the unnecessary and wanton

infliction of pain that is proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97,

104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

A delay in medical care can only amount to an Eighth Amendment violation if there has

been a deliberate indifference, resulting in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191,

195 (5th Cir.1993). A complaint alleging negligence in diagnosis or treatment does not state a

constitutional claim. See *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

Plaintiff's pleadings establish that he was provided immediate diagnosis and treatment

following the accident.  Plaintiff complains that the defendants should be held responsible for

7

incorrectly diagnosing his back injury.  Such a claim cannot form the basis of a constitutional

violation.  It is well established that allegations of malpractice or "mere negligence in failing to

supply medical treatment" will never suffice to demonstrate an Eighth Amendment claim. *Gibbs*

*v. Grimmette*, 254 F.3d 545, 549 (5th Cir.2001), *cert. denied*, 534 U.S. 1136 (2002); *Stewart v.*

*Murphy*, 174 F.3d 530, 534 (5th Cir.) ("[A]lthough inadequate medical treatment may, at a

certain point, rise to the level of a constitutional violation, malpractice or negligent care does

not."), *cert. denied sub nom. Stewart v. Knutson*, 528 U.S. 906 (1999).

To the extent that plaintiff remains dissatisfied with the prison officials' diagnoses,  the

Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a

claim for deliberate indifference to serious medical needs under the Eighth Amendment. See

*Gobert v. Caldwell*, 463 F.3d 339, 347 (5th Cir.2006); *Stewart*, 174 F.3d at 535; *Norton v.*

*Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th

Cir.1985).  Even if a lapse in professional judgment occurred, any such failure amounts to mere

negligence or malpractice, and not a constitutional violation. See *Harris v. Hegman*, 198 F.3d

153, 159 (5th Cir.1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993)). Because

plaintiff has not articulated a constitutional violation, his medical care complaint is subject to

dismissal under § 1915(e)(2)(B) as frivolous.

### 4. *Appointment of Counsel [rec. doc. 8]*

Plaintiff has also requested appointment of counsel. [rec. doc. 8, p. 3]

Congress has not specifically authorized courts to appoint counsel for plaintiffs

proceeding under 42 U.S.C. §1983.  "Generally no right to counsel exists in §1983 actions [but]

appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional

8

circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985).  Pursuant to 28

U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an

indigent plaintiff.  In the case of *Mallard v. United States District Court for the Southern*

*District*,  490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United

States Supreme Court held that federal courts can only request that an attorney represent a

person unable to employ counsel because federal courts are not empowered under 28 U.S.C.

§1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is

not required to make this request in the absence of "exceptional circumstances." See *Ulmer v.*

*Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and  *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th

Cir. 1989).  No precise definition of "exceptional circumstances" is available, but the United

States Courts of Appeal have provided a litany of factors for lower courts to consider in

determining whether the plaintiff is entitled to have the court request that counsel assist him in

his suit. It is proper for the court to consider the following factors:  the type and complexity of

the case; the plaintiff's ability to adequately present and investigate his case; the presence of

evidence which largely consists of conflicting testimony so as to require skill in presentation of

evidence and cross-examination; and the likelihood that appointment will benefit the petitioner,

the court, and the defendants by "shortening the trial and assisting in just determination." See

*Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293,

n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court

may consider whether a plaintiff has demonstrated the inability to secure private counsel on his

9

own behalf. *See  Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused

from trying to procure counsel for himself.

   In his civil rights complaint, plaintiff alleges a conditions of confinement claim along

with a claim of inadequate medical treatment.  Plaintiff has managed to file his original

complaint and an amended complaint setting forth his causes of action against the named

defendants.  No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has

first hand knowledge of the facts which form the basis of this action. The claim is typical of

those often asserted in civil rights litigation and is not complex.  Finally, plaintiff alleged that his

attempts to retain counsel on his own behalf have proved futile, however, by his own admission,

he has made inquiry to only one attorney.

   Accordingly, plaintiff's request for appointment of counsel should be denied as the

circumstances presented herein are not "exceptional" so as to  warrant the appointment of

counsel.  Finally, as is shown hereinafter, plaintiff's claims are frivolous and appointment of

counsel would not benefit the petitioner, the court, or the defendants by shortening the

proceedings and assisting in a just determination of the claims.

### 5. Conclusion, Order, and Recommendation

   Plaintiff's claims are frivolous; he is not entitled to appointed counsel. Therefore,

   Plaintiff's request for appointment of counsel [rec. doc. 8] is **DENIED;** and,

   **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH**

**PREJUDICE** as  frivolous pursuant to the provisions of  28 U.S.C. §§1915(e)(2)(B)(i) and

1915A(b)(1).

10

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on  November 16, 2009.


_____

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)